## United States District Court
## District of Massachusetts

| | |
|---|---|
| Michael DeCotis, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Nos. |
| | ) 22-10547-NMG |
| Specialized Loan Servicing LLC and | ) 22-11928-NMG |
| New Residential Loan Trust 2015-1, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM & ORDER

GORTON, J.

This case arises from a contested mortgage on property located at 23 Bowden Street, Marblehead, Massachusetts ("the Property"). In April, 2022, Michael DeCotis ("DeCotis" or "plaintiff") filed a complaint in the District of Massachusetts against Specialized Loan Servicing, LLC ("SLS" or "the mortgage servicer") for alleged violations of state and federal law ("the April Action"). He subsequently filed a separate action in state court to enjoin New Residential Loan Trust 2015-1 ("New Residential" or "the mortgagee") from conducting foreclosure proceedings with respect to the Property ("the Injunction Action"). After the state court issued a preliminary injunction, New Residential removed the Injunction Action to this Court and it was consolidated with the April Action.

Now pending before the Court is the mortgagee's motion to dismiss the Injunction Action and dissolve the preliminary injunction issued by the state court (Docket No. 22).  For the following reasons, the motion will be denied.

## I.   **Background**

The facts of the underlying dispute between DeCotis and SLS with respect to the mortgage on the Property were recited by this Court in its November, 2022 Memorandum & Order ("the November M&O").  The Court assumes the familiarity of the reader and the parties with those facts and here addresses the procedural developments pertinent to the pending motion.

In the April Action, plaintiff brought a six-count complaint against SLS in this Court.  Defendant SLS moved to dismiss the complaint in June, 2022, for failure to state a claim.  While that motion was pending, New Residential provided notice to DeCotis that it intended to proceed with a foreclosure sale of the Property in early November, 2022.  Because the mortgagee was not a defendant in the April Action, DeCotis sought an injunction against it in a new action filed in state court.  A judge of the Massachusetts Superior Court for Essex County preliminarily enjoined New Residential from proceeding with the foreclosure sale "until resolution of the federal matter and/or until by approval of this court" ("the PI").

New Residential, represented by the same counsel as SLS, subsequently removed the Injunction Action to this Court and the parties submitted an assented-to motion for consolidation of the two actions.  This Court issued its November M&O as to SLS's motion to dismiss the April Action shortly thereafter, dismissing several claims but allowing portions of Counts I and II to continue.  After this Court issued that decision and consolidated the cases, New Residential (and SLS) filed the pending motion to dismiss the Injunction Action and to dissolve and/or modify the PI.

## II.   <u>Motion to Dismiss the Complaint and to Dissolve the Preliminary Injunction</u>

### A. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ocasio-Hernandez</u> v. <u>Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may consider
certain categories of documents extrinsic to the complaint
"without converting a motion to dismiss into a motion for
summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36
(1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st
Cir. 1993)).  For instance, a court may consider documents of
undisputed authenticity, official public records, documents
central to a plaintiff's claim and documents that were
sufficiently referred to in the complaint.  Watterson, 987 F.2d
at 3.

A court may not disregard properly pled factual allegations
in the complaint even if actual proof of those facts is
improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the
court's inquiry must focus on the reasonableness of the
inference of liability that the plaintiff is asking the court to
draw. Id. at 13.

**B. Application**

New Residential seeks the following relief in its motion:
1) dismissal of the Injunction Action and 2) dissolution of the
preliminary injunction issued by the state court in that action.

**1.  Dismissal of the Injunction Action**

New Residential advocates for dismissal of the Injunction
Action on the sole ground that it is barred by the prior pending
action doctrine (i.e. by the earlier-filed April Action).  Such

- 4 -

doctrine provides that, in the interest of promoting judicial

efficiency and avoiding inconsistent judgements,

> the pendency of a prior action, in a court of
> competent jurisdiction, between the same parties,
> predicated upon the same cause of action and growing
> out of the same transaction, and in which identical
> relief is sought, constitutes good ground for
> abatement of the later suit.

Bourne v. Gardner, 270 F. Supp. 3d 385, 388-89 (D. Mass.

2017) (quoting Quality One Wireless, LLC v. Goldie Grp.,

LLC, 37 F. Supp. 3d 536, 540-41 (D. Mass. 2014)).

A court may stay or dismiss the later action if: 1) there

is an identity of issues between the actions and 2) the earlier

action will determine the controlling issues in the later

action. Id. (citing Quality One, 37 F. Supp. 3d at 541).

Here, both the earlier action filed in federal court (the

April Action) and the later action filed in state court (the

Injunction Action) are now pending before this Court due to the

removal of the Injunction Action.  In fact, upon an assented-to

motion of the parties under Fed. R. Civ. P. 42(a)(2), this Court

has consolidated the cases because they involve common questions

of law and/or fact.  The purpose of the prior pending action

doctrine, i.e. the promotion of judicial efficiency and

avoidance of inconsistency when multiple cases are pending

before different courts, is, therefore, essentially removed in

the present circumstances.

Furthermore, as counsel for New Residential pointed out in its assented-to motion to consolidate the April and Injunction Actions, the matters are closely related but "seek different relief and allege different causes of action . . . [and] are not identical."  In addition, the two actions were brought against different, albeit closely aligned, defendants.  Thus, while consolidation of such cases benefits judicial economy, dismissal of the Injunction Action would foreclose distinct causes of action against a distinct defendant.  For instance, plaintiff claims in Count I of the Injunction Action that New Residential lacks authority to initiate a foreclosure sale of the Property.

On the other hand, the mortgagee correctly points out that Count II of the Injunction Action is dependent upon the resolution of the April Action.  In Count II, plaintiff seeks to prevent New Residential from pursuing foreclosure until his claims against SLS are "finally resolved in the Federal Case [the April Action]."  Such claim does not, however, pose an obstacle to the efficient and consistent adjudication of the pending controversy.  This Court allowed, in part, and denied, in part, the motion to dismiss of SLS in the April Action.  Upon the resolution of the remaining claims against SLS, the parties and this Court will be able promptly to resolve Count II of the Injunction Action.

Finally, New Residential propounds that the Injunction Action filed against it last fall was an "end-run" around the jurisdiction of this Court which evinces plaintiff's disregard for judicial resources. Plaintiff, however, would have faced substantial obstacles if he sought an injunction from this Court in early November, 2022. New Residential was not a defendant in the April Action in federal court and, as plaintiff points out, moving to amend that complaint to include New Residential - and then seeking an injunction to forestall the imminent foreclosure proceedings – would have introduced procedural complexity into the midst of a then-pending motion to dismiss filed by the sole defendant, SLS. Thus, New Residential's motion to dismiss the Injunction Action will be denied.

**2.  Dissolution of the Preliminary Injunction**

The preliminary injunction issued by the Massachusetts Superior Court of Essex County remains in effect pursuant to 28 U.S.C. § 1450, which provides that

> [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.

New Residential therefore moves under Fed. R. Civ. P. 60(b)(5) and (6) to dissolve the PI on the grounds that there has been a significant change in circumstances. See Momenta Pharms., Inc. v. Amphastar Pharms., Inc., 834 F. Supp. 2d 29, 31

(D. Mass. 2011).  As the moving party, New Residential bears the burden of demonstrating the existence and significance of any such development.

According to the mortgagee, this Court's November M&O, which was published after the PI was issued, dismissed any claims from the April Action that might entitle plaintiff to injunctive relief.  New Residential contends that such a change in the outlook of, and prospects for relief in, the April Action provides a sufficient basis for dissolution of the PI issued in the Injunction Action.  New Residential also avers that the potential for irreparable harm to DeCotis, which was the primary basis for the PI, is low because eventual foreclosure is nearly "inevitable" in any event.

Pursuant to the November M&O, portions of plaintiff's claim under 12 U.S.C. § 2605(f) for violations of Regulation X (Count I) and of his claim under M.G.L. c. 93A (Count II) remain viable in the April Action.  As mentioned above, New Residential asserts that 12 U.S.C. § 2605(f) and Section 11 of Chapter 93A limit plaintiff's potential relief to money damages.

DeCotis first responds that his Chapter 93A claim arises under Section 9 rather than under Section 11, which applies only to a person "engage[d] in the conduct of any trade or commerce". M.G.L. c.93A, § 11.  The Court agrees with plaintiff but, in any

event, New Residential is mistaken about the availability of injunctions under Chapter 93A in general.

New Residential points to the following terms in Section 11 (also present in Section 9(3A)) in support of its argument that only money damages are available under the statute:

> A person may assert a claim under this section in a district court, whether by way of original complaint, counterclaim, cross-claim or third-party action, for money damages only.

M.G.L. c.93A, § 11; § 9(3A).

That provision, however, refers to Massachusetts district courts which, at the time of the statute's enactment, had "limited equity jurisdiction". Herman v. Home Depot, 436 Mass. 210, 213, 763 N.E.2d 512, 515 (2002).  The Massachusetts Supreme Judicial Court ("the SJC") explained that the purpose of the provision was merely to confirm "that nothing in G. L. c. 93A itself was intended to expand that equity jurisdiction." Id.

The terms of both Section 9 and Section 11 provide that equitable relief, "including an injunction", may be awarded with respect to claims brought under Chapter 93A.  Indeed, federal courts in Massachusetts recognize that they have the authority to grant injunctive relief and other equitable remedies under the statute. See, e.g., Foley v. Wells Fargo Bank, N.A., 109 F. Supp. 3d 317, 327 (D. Mass. 2015) ("Mass. Gen. Laws ch. 93A, § 9(1) provides for injunctive relief.").  New Residential's

contention that the remaining causes of action in the April Action cannot support the award of injunctive relief is, therefore, misplaced.

The mortgagee also contends that the filing of the Injunction Action in state court was an inequitable and questionable procedural tactic that wasted judicial resources. The Court disagrees and concludes that it would be inefficient to dissolve the injunction and allow New Residential to proceed with foreclosure while the merits of Counts I and II of the April Action and the Injunction Action remain in dispute.

Finally, New Residential is not entitled to alternative relief in the form of a modification to the PI because such a modification would also require it to show a significant change of circumstances which it has not done. See Mahoney v. Wells Fargo Bank, N.A., No. 18-11593-MBB, 2021 U.S. Dist. LEXIS 60741, at *62 (D. Mass. Mar. 29, 2021).

### 3.   Further Proceedings

The Court will convene a scheduling conference with respect to this consolidated case following New Residential's answer to the complaint in the Injunction Action and move to resolve promptly all remaining issues.

**ORDER**

For the foregoing reasons, New Residential's motion to dismiss the complaint and dissolve the preliminary injunction (Docket No. 22) is **DENIED.**

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated:  July 6, 2023